IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**EMANUEL A. TUGGERSON,**
**D.O.C. # S60786,**

    *Plaintiff*,

v.                                                                  Case No.: 4:22cv66-MW/MAF

**OFFICER SKETO, et al.,**

    *Defendants*.

_____/

## ORDER REJECTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 108, and has also reviewed *de novo* Plaintiff's objections, ECF No. 110.

Plaintiff has brought two claims arising out of an incident that occurred while he was in custody on September 29, 2021. The Magistrate Judge notes that Plaintiff brings a claim for deliberate indifference based on the allegations that Defendants Sketo and Moore prevented Plaintiff from receiving any mental health treatment before the September 29th incident and that all the Defendants were present when he declared a psychological emergency, but none responded to his emergency or filed a mental health referral. ECF No. 108 at 29. However, this claim "was not addressed in [Defendants'] motion for summary judgment." *Id*. Nonetheless, the Magistrate Judge recommends that this Court grant summary judgment in

Defendants' favor with respect to this claim. *Id*. at 30. In addition, the Magistrate Judge recommends that summary judgment be granted in Defendants' favor with respect to Plaintiff's excessive force claim because Plaintiff submitted no evidence demonstrating that any use of force was maliciously and sadistically applied for the very purpose of causing harm. *Id*. at 36.

This Court disagrees with the recommendations as to both claims. First, as to the deliberate indifference claim as framed by the Magistrate Judge, this Court concludes that the Defendants are not entitled to relief for which they have not moved. Inasmuch as the Defendants acknowledged, but did not address, Plaintiff's deliberate indifference claim with respect to the denial of mental health treatment, this Court cannot make the argument for them. Moreover, neither the facts giving rise to Plaintiff's deliberate indifference claim nor any arguments that support or undermine the claim have been briefed in full at the summary-judgment stage.

Second, as to the excessive force claim, this Court concludes that disputed issues of material fact remain with respect to whether the Defendants used excessive force during the cell extraction on September 29, 2021. This Court has reviewed the video evidence and notes that the exact events are not fully depicted with respect to when and how Plaintiff is placed in handcuffs during the initial extraction. This Court has also reviewed Plaintiff's deposition, in which Plaintiff testifies that when the guards entered his cell, he went to the ground willingly, put his hands behind his

2

back, was handcuffed, and then subsequently struck in the head several times. *See* ECF No. 94-1 at 22–24. In the absence of video evidence clearly showing what happened while Plaintiff was in cuffs on the ground, this Court must accept Plaintiff's testimony as true and construe all inferences drawn therefrom in the light most favorable to him. It is up to a jury to judge the credibility of Plaintiff's testimony. At this juncture, a material dispute of fact exists with respect to whether Defendants used excessive force during the cell extraction, thus precluding summary judgment in Defendants' favor.

Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 108, is **rejected**. Defendants' amended motion for summary judgment, ECF No. 95, is **DENIED**. The Clerk shall set this case for a telephonic status conference on Friday, November 21, 2024, at which time the parties must be prepared to discuss trial dates.

**SO ORDERED on November 1, 2024.**

s/Mark E. Walker
**Chief United States District Judge**